1   PAUL L. REIN, Esq. (SBN 43053)
2   AARON M. CLEFTON, Esq.  (SBN 318680)
    REIN & CLEFTON, Attorneys at Law
3   200 Lakeside Drive, Suite A
    Oakland, CA  94612
4   Telephone:  510/832-5001
    Facsimile:   510/832-4787
5   info@reincleftonlaw.com

6   Attorneys for Plaintiff
    SUE AUGUSTIN

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  | SUE AUGUSTIN, | CASE NO. |
    |---|---|
    |       Plaintiff, | Civil Rights |
    | v. | COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*) |
    | ESA P. PORTFOLIO OPERATING LESEE, LLC dba EXTENDED STAY AMERICA;  and ESA P PORTFOLIO, LLC | |
    |       Defendants. | |
    | | DEMAND FOR JURY TRIAL |

21       Plaintiff SUE AUGUSTIN complains of Defendants ESA P. PORTFOLIO OPERATING

22  LESEE, LLC dba EXTENDED STAY AMERICA; and ESA P PORTFOLIO, LLC, and alleges

23  as follows:

24       1.    **INTRODUCTION:**  Barriers to disabled access prevented disabled Plaintiff SUE

25  AUGUSTIN from "full and equal" access to an Extended Stay America hotel and caused

26  substantial difficulty and injury that interfered with her visit to meet her first grandchild and visit

27  her son and daughter-in-law.  The hotel lacked a properly accessible and code compliant toilet,

28  grab bars, roll in shower and room amenities in the advertised and allegedly "accessible" hotel

                                        1

room. Despite complaining immediately upon arrival about the inaccessible conditions and requesting that Defendants remedy them, Defendants denied her requests for accommodation for eight days, a third of her reserved stay at the hotel. During that time, Plaintiff seriously injured her back while attempting to use the inaccessible toilet that was too low in her "accessible" hotel room because the toilet seat was mounted at only 14" above the finished floor rather than at least 17" as required by State and federal regulations. Additionally, the shower was not safe to use given its free-standing, wobbling shower seat that was not affixed to the wall, and the shower's improper size and configuration. All of these conditions prevented Plaintiff from caring for herself independently during much of her pre-reserved 21-day stay. Worse, in addition to the physical pain, her injuries interfered with spending planned time with her first granddaughter and family. All of this would not have happened but for Defendants' failure to provide accessible rooms for a hotel building constructed in approximately 1998, well after the passage of the Americans with Disabilities Act of 1990 and analogous state laws, in effect since 1982, which required specific accessible features and amenities throughout the building.

2. Defendants denied Plaintiff SUE AUGUSTIN accessible public facilities, including denying accessible toilet and roll-in shower to Plaintiff and, on information and belief continue to deny accessible facilities to Plaintiff and other similarly disabled persons at the Extended Stay America (hereinafter also "the Hotel") located at 55 E. Brokaw Road, San Jose, California. Plaintiff SUE AUGUSTIN is a "person with a disability" or "physically handicapped person" with a mobility disability and is unable to use portions of public facilities which are not accessible to mobility disabled persons. On or about May 2, 2019 through May 23, 2019, Plaintiff was denied her rights to full and equal access at the Hotel, and was denied her civil rights under both California law and federal law, and continues to have her rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons. However, Plaintiff plans to and intends to return to use the Hotel again once its features complained of have been made accessible, and Defendants architectural and policy barriers to access have been removed.

3. Plaintiff seeks injunctive relief to require Defendants to make these facilities

1   accessible to disabled persons and to ensure that any disabled person who attempts to patronize

2   the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of

3   damages for her discriminatory experiences and denial of access and of civil rights, which denial

4   is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff

5   also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under

6   federal and state law.

7        4.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC

8   section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC

9   sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action

10  arising from the same facts are also brought under California law, including but not limited to

11  violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52,

12  54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building

13  Code.

14       5.    **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is

15  founded on the fact that the real property which is the subject of this action is located in this

16  district and that Plaintiff's causes of action arose in this district.

17       6.    **INTRADISTRICT:**  This case should be assigned to the San Jose intradistrict as

18  the real property which is the subject of this action is located in this intradistrict and Plaintiff's

19  causes of action arose in this intradistrict.

20       7.    **PARTIES:**  Plaintiff is a "qualified" physically disabled person who uses a cane

21  for mobility due to disabilities including degenerative arthritis in her knees and back, resulting in

22  an L5-S1-T12 spinal fusion.  She has been issued a placard for disabled parking which entitles her

23  to park in a properly configured disabled accessible parking space

24       8.    Defendants ESA P. PORTFOLIO OPERATING LESEE, LLC dba EXTENDED

25  STAY AMERICA;  and ESA P PORTFOLIO, LLC, are and were the owners, operators, lessors

26  and/or lessees of the subject business, property and building at all times relevant to this

27  Complaint.

28       9.    This Hotel is a place of "public accommodation and business establishment"

1  subject to the requirements of multiple categories of 42 USC section 12181(7) of the Americans

2  with Disabilities Act of 1990, of California Health & Safety Code sections 19953 *et seq.*, of

3  California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.*  On

4  information and belief, the Hotel and its facilities, including adjacent parking areas, were

5  constructed after July 1, 1970, and since then have also undergone construction and/or

6  "alterations, structural repairs, or additions," subjecting each such facility to disabled access

7  requirements per Health & Safety Code sections 19955-19959 *et seq.*, and, as to construction

8  and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of

9  the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are

10  also subject to "Title 24," the California State Architect's Regulations, also known as the

11  California Building Code.  Further, irrespective of the alteration history, such premises are

12  subject to the "readily achievable" barrier removal requirements of Title III of the Americans

13  With Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

14

15  **FIRST CAUSE OF ACTION:**<br>**DAMAGES AND INJUNCTIVE RELIEF**

16  **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A**<br>**PUBLIC ACCOMMODATION**

17  **(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**

18       10.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

19  the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein

20  by reference as if separately repled hereafter.

21       11.    Plaintiff SUE AUGUSTIN and other similarly situated physically disabled

22  persons, including those who require the use of an assistive device for mobility, are unable to use

23  public facilities on a "full and equal" basis unless each such facility is in compliance with the

24  provisions of California Health & Safety Code sections 19955 -19959.  Plaintiff is a member of

25  that portion of the public whose rights are protected by the provisions of Health & Safety Code

26  sections 19955 *et seq.*  Further, Plaintiff is also protected against policy and architectural barrier

27  discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act."

28  "Individuals with disabilities or medical conditions have the same right as the general public to

4

1    the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical

2    facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public

3    places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full

4    and equal access, as other members of the general public, to accommodations, advantages,

5    facilities, . . . places of public accommodation, amusement, or resort, and other places to which

6    the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA,

7    including but not limited to any violation of 42 USC sections 12182 and 12183, is also

8    incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

9            12.    On information and belief, the provisions of both Health and Safety Code sections

10   19955 and 19955.5, apply to the subject facilities.  Health & Safety Code sections 19955 and

11   19955.5 were each enacted "[t]o ensure that public accommodations or facilities constructed in

12   this state with private funds adhere to the provisions of Chapter 7 (commencing with Section

13   4450) of Division 5 of Title 1 of the Government Code."

14           13.    Title 24, California Code of Regulations, formerly known as the California

15   Administrative Code and also known as the "State Architect's Regulations," was in effect at the

16   time of each alteration which, on information and belief, occurred at such public facility since

17   January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

18   each such "alteration, structural repair or addition" was carried out.  On information and belief,

19   Defendants and/or its predecessors in interest carried out new construction and/or alterations,

20   structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

21   been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,

22   structural repairs, and/or additions which triggered access requirements at all relevant portions of

23   the Hotel, also occurred between July 1, 1970, and December 31, 1981, and required access

24   pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to

25   the incorporated provisions of California Government Code sections 4450 *et seq*.  Further, on

26   information and belief, alterations to the building after the initial construction also occurred after

27   January 1, 1972, triggering access requirements pursuant to Health and Safety Code section

28   19959, and as to any alterations or additions after January 26, 1993, triggering access

1    requirements pursuant to ADA requirements specified in 42 USC sections 12182 and 12183.

2        14.    **FACTUAL STATEMENT**:   In January of 2019, Plaintiff began planning a trip

3    to San Jose with her husband in order to meet her first grandchild who was due to be born at the

4    beginning of May.  As Plaintiff wanted to respect her son's and daughter-in-law's space, she

5    decided that it would be best to stay in a hotel and visit the baby during the day when it was

6    convenient for the new parents. Thus, in preparation for her trip, Plaintiff reserved what was held

7    out to the public as an "accessible" room at the Hotel from May 3, 2019 through approximately

8    May 23, 2019.  Due to her prior spinal fusion, Plaintiff requires certain accessible room features

9    in order to independently care for herself, including a toilet which is 17" to 19" in height, as

10   required by state and federal laws, correctly accessible grab bars adjacent to the toilet, and a roll-

11   in shower with accessible features including an affixed shower seat.  When arranging her stay at

12   Defendants' premises Plaintiff specifically reserved a room at the Hotel which Defendants'

13   represented would be equipped with accessible features including an accessible restroom to

14   accommodate her needs.  She relied on the representations of Defendants when she reserved her

15   room that they accurately reflected accessible features and conditions of the room she reserved.

16   Defendants' representations turned out to be misleading and false because the room was not

17   accessible in multiple respects.

18       15.    Although Plaintiff had originally reserved a room at the Hotel starting on May 3,

19   2019, her granddaughter "arrived" early, so Plaintiff and her husband checked into the Hotel on

20   May 2, 2019, as allowed by the Defendants' front desk clerk.  When Plaintiff entered the

21   allegedly accessible hotel room she found that it was "accessible" in label only.  The bathroom

22   was very difficult for her to use, unlike her ADA accessible toilet at home.  The toilet seat was

23   only 14" above the floor which meant it was difficult for her to sit on and rise from the extremely

24   low toilet.  Additionally, she noted that there was no shower bench at all, nor was there any place

25   for the shower to hang the hand-held shower head within the shower.

26       16.    Plaintiff immediately went to the front desk to request a room with a toilet at an

27   accessible height.  She informed the employee with whom she spoke that due to her disability,

28   she needed a toilet with a seat set at least 17" in height per ADA regulations.  The employee at

6

the front desk informed Plaintiff that she was staying in a "handicapped" room, and *all of the "handicapped" rooms at the hotel had the same configuration and accessories.* The employee told Plaintiff there was nothing that he could do to provide better access.

17.     Plaintiff decided to stay at the hotel anyway and try to make things work because she did not want to miss out on time with her new granddaughter, and because going to a different hotel was prohibitively expensive for the duration of their planned trip. (Unlike other hotels, the Extended Stay hotels provide many amenities designed to accommodate longer stays at a more reasonable rate.) Plaintiff could not afford to pay a premium for a hotel without a reservation, nor would such a decision be practical given the duration of her stay. However, she was still extremely troubled by the lack of an accessible toilet in her room. On May 3, 2019, her husband spoke to a maintenance man at the hotel about the possibility of getting a higher toilet, but the maintenance man informed Plaintiff's husband that all of the rooms had toilets of the same height, confirming the information of the front desk clerk, and that he was unable to replace her toilet.

18.     Plaintiff continued to try to make the best of a difficult situation, but she experienced increasing discomfort when using the toilet in her room. Getting on and off such a low toilet put uncomfortable and unnecessary strain on her back and knees. The situation was becoming physically more challenging for her every day, and there were times when she had to rely on assistance from her husband to get on and off the toilet. This caused her embarrassment insofar as she prides herself on her independence.

19.     On or about May 8, 2019, while getting up from the toilet from the noncompliant toilet, Plaintiff felt and heard a "pop" in her back followed by excruciating pain. She attempted to rest her back to see if the pain would diminish. She also began looking for other hotels of a similar price with accessible rooms. Unfortunately, Plaintiff was unable to locate another hotel that she and her husband could afford that could accommodate her needs.

20.     On or about May 10, 2019, eight days after checking in, Plaintiff called the Extended Stay America customer relations department to explain the issues she was experiencing due to the lack of an accessible toilet and shower since the hotel staff had been unhelpful. The

customer service representative looked up Plaintiff's reservation and confirmed that she had

reserved an "accessible" room. The representative then she offered to call the hotel to see what if

anything could be done about the situation.

21.     Following her conversation with customer relations, Plaintiff was approached by

the manager of the Hotel.  Plaintiff informed the manager that she would need a toilet which was

set at a height compliant with ADA regulations.  Plaintiff and her husband then left for the day to

visit their grandchild.  When Plaintiff returned to the hotel, she found that a new toilet that was at

a compliant height had been installed, and the Hotel had supplied her with a moveable shower

seat.  However, the shower seat was still unusable to Plaintiff due to the instability of the seat.

22.     After eight days of refusing Plaintiff's reasonable accommodations and efforts to

achieve corporate intervention, the hotel provided the minimal toilet access that it had previously

denied her.  But the damage was already done.  Plaintiff was in excruciating pain for the next

several days.  By May 18, 2019, Plaintiff's back pain was so unbearable that she had to go to the

nearest hospital emergency room.  At the emergency room, she was given IV Dilaudid, muscle

relaxants and lidocaine patches to alleviate her pain.  She was discharged from the hospital after

treatment, but the pain became unbearable again only a day later.  Plaintiff returned to the

emergency room on May 20, 2019.  She was again treated with IV Dilaudid, muscle relaxants,

and lidocaine patches, and she was also given Toradol injections in an effort to alleviate her pain.

23.     The denial of access at the hotel not only caused Plaintiff significant pain and

discomfort, but they also caused her difficulty, discomfort and embarrassment by forcing her to

rely on her husband to assist her in personal care, such as getting on and off the toilet, by the lack

of safe and accessible shower, and the necessity to speak repeatedly to hotel and corporate staff

about her toileting needs, all to her physical, mental and emotional damages.  Further, due to her

injury, she also had to miss precious time with her new grandchild, her son and her daughter-in-

law.  Of the 23 days Plaintiff was in California, she was unable to visit her son and grandchild on

at least seven of those days due to her pain.  On other days when she was able to visit with her

grandchild, she had limited ability to focus on the experience of becoming a grandmother and

bonding with her new grandchild due to the discomfort and distraction of her physical pain.

24.     Due to Plaintiff's physical injuries caused by the inaccessible toilet, for several days plaintiff was not in a condition to move or drive. After consulting their doctor, she and her husband had to extend their stay in San Jose until May 25, 2019 so she could rest. When they finally drove home to Wisconsin, they had to make frequent stops so that Plaintiff could alleviate her back pain.

25.     These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant pursuant to Northern District General Order 56 and/or Fed. R. Civ. P. 34. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when she returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

26.     Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

27.     **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities.

28.     Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to

9

1 | and use of these public facilities.  Therefore, Plaintiff cannot return to use the Hotel and its

2 | facilities and is deterred from further patronage until these facilities are made properly accessible

3 | for disabled persons, including Plaintiff and other mobility disabled persons.  Plaintiff contends

4 | that she intends to visit the San Jose area often in the future to see her granddaughter, son and

5 | daughter-in-law, and if the Hotel is made accessible, she would like to stay there as it is

6 | conveniently located and within her budget.  Thus, she alleges that she intends to return to the

7 | Hotel once legally required access has been provided.

8 | 29.    The acts of Defendants have proximately caused and will continue to cause

9 | irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to

10 | all inaccessible areas of the premises that she has personally encountered, and, as to all areas

11 | identified during this litigation by Plaintiff or her access consultant, that she or other physically

12 | disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir.

13 | 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs*

14 | *Grocery* Co., 654 F.3d 903 (9th Cir. 2011).  As to such facilities, Plaintiff prays leave to amend

15 | this complaint to obtain any additional needed injunctive relief.  As to the Defendants that

16 | currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary

17 | and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers

18 | that deny full and equal access for disabled persons, and for reasonable statutory attorney fees,

19 | litigation expenses and costs.

20 | 30.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

21 | continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways

22 | complained of and to require Defendants to comply forthwith with the applicable statutory

23 | requirements relating to access for disabled persons.  Such injunctive relief is provided by

24 | California Health & Safety Code section 19953 and California Civil Code section 55, and other

25 | law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3

26 | and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code

27 | section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other

28 | law, all as hereinafter prayed for.

10

31. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, misrepresentations in advertising, and maintaining the subject facilities, Plaintiff has suffered violations of her civil rights, including but not limited to rights under California Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is physically disabled and unable, because of the architectural and policy barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to attempt to patronize the Hotel and will continue to cause her damages each day this barrier discrimination continues.

32. **TREBLE DAMAGES:** Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3. At all times herein mentioned, Defendants were fully aware that significant numbers of potential users of their public facilities were and are and will be physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Specifically, Defendants solicited customers such as plaintiff with the promise of an accessible room. But for this misrepresentation by Defendants, Plaintiff could have found an accessible room elsewhere and likely not been injured. Relying upon Defendant's misleading claim of providing accessible rooms, Plaintiff traveled from Wisconsin to San Jose. Upon arrival she gave Defendants immediate and actual notice as of May 2, 2019, that the toilet height was inaccessible. Replacing the toilet took less than one day and was readily achievable to accomplish and could have been done that same day. Instead, Defendants denied her request for accommodation for six days despite multiple complaints by Plaintiff. As a result Plaintiff experienced an excruciating back injury and had to go to the nearest hospital's emergency room twice. Despite actual knowledge

11

1    of the risks of injury from the inaccessible toilet, Defendants failed to remove these and other

2    access barriers.   Defendants have failed to provide properly accessible facilities, including but

3    not limited to those previously noted hereinabove, as required by state and federal law.  On

4    information and belief, Defendants have ignored complaints about the lack of proper disabled

5    access by Plaintiff and by other disabled persons.  Defendants have continued their illegal and

6    discriminatory practices despite actual knowledge that persons with physical mobility disabilities

7    may attempt to patronize the subject Hotel and encounter illegal barriers which deny them full

8    and equal access when they do so.  On information and belief, similar inaccessible facilities at

9    each other purportedly accessible room at the hotel.

10    33.    At all times herein mentioned, Defendants knew, or in the exercise of reasonable

11    diligence should have known, that their barriers and practices at the subject facilities violated

12    disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff

13    and upon other physically disabled persons, but despite actual as well as implied notice,

14    Defendants have failed to rectify the violations, and presently continue a course of conduct of

15    maintaining architectural and policy barriers that discriminate against Plaintiff and similarly

16    situated disabled persons.  For the foregoing reasons, Plaintiff alleges that an award of statutory

17    treble damages is appropriate.

18    34.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,

19    Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

20    statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

21    for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

22    seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

23    provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

24    19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their

25    facilities accessible to all disabled members of the public, justifying "public interest" attorney

26    fees, litigation expenses and costs pursuant to the provisions of California Code of Civil

27    Procedure section 1021.5 and other applicable law.

28    WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
**SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

35.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 34 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

36.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

37.     California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

38.     Each Defendants' discrimination constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

39.     Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

40.     The actions and omissions of Defendants as herein alleged constitute a denial of

13

access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

41.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §§ 12101 *et seq.*

42.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 41 of this Complaint and incorporates them herein as if separately re-pleaded.

43.     In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-

14

sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

44.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

45.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

46.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "hotel, motel or other place of lodging." 42 USC § 12181(7)(A).

47.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an

15

individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

48.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

49.     On information and belief, as of the date of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which have discriminated and continue to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

50.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing this Hotel and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

51.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff SUE AUGUSTIN is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of sections 12182 and 12183.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an <u>order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities</u> to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title. [Emphasis added.]

52.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff SUE AUGUSTIN is a qualified

17

1    disabled person for purposes of section 12188(a) of the ADA who is being subjected to

2    discrimination on the basis of disability in violation of Title III and who has reasonable grounds

3    for believing she will be subjected to such discrimination each time that she may use the property

4    and premises, or attempt to patronize this Hotel, in light of Defendants' policies and physical

5    premises barriers.

6             WHEREFORE, Plaintiff requests relief as outlined below.

7

8                                              **PRAYER**

9             Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

10   Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

11   unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

12   Plaintiff is granted the relief she requests.  Plaintiff and Defendants have an actual controversy

13   and opposing legal positions as to Defendants' violations of the laws of the United States and the

14   State of California. The need for relief is critical because the rights at issue are paramount under

15   the laws of the United States and the State of California.

16            WHEREFORE, Plaintiff SUE AUGUSTIN prays for judgment and the following specific

17   relief against Defendants:

18            1.       Issue a preliminary and permanent injunction directing Defendants as current

19   owners, operators, lessors, and/or lessees of the subject property and premises to modify the

20   above described property, premises, policies and related facilities to provide full and equal access

21   to all persons, including persons with physical disabilities; and issue a preliminary and permanent

22   injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide

23   facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide

24   full and equal access, as required by law, and to maintain such accessible facilities once they are

25   provided; to cease any discriminatory policies, including misrepresenting that inaccessible

26   facilities are in fact "accessible" and to train Defendants' employees and agents in how to

27   recognize disabled persons and accommodate their rights and needs;

28            2.       Retain jurisdiction over the Defendants until such time as the Court is satisfied that

1    Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically

2    inaccessible public facilities and policies as complained of herein no longer occur, and cannot

3    recur;

4           3.      Award to Plaintiff all appropriate damages, including but not limited to statutory

5    damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

6    according to proof;

7           4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

8    costs of this proceeding as provided by law;

9           5.      Award prejudgment interest pursuant to Civil Code section 3291; and

10          6.      Grant such other and further relief as this Court may deem just and proper.

11   Date: June 28, 2019                              REIN & CLEFTON

12

13                                                  ___/s/ Aaron M. Clefton___
                                                    By AARON M. CLEFTON, Esq.
14                                                  Attorneys for Plaintiff
                                                    SUE AUGUSTIN
15

16

17                                       **JURY DEMAND**

18          Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

19   Date: June 28, 2019                              REIN & CLEFTON

20

21                                                  ___/s/ Aaron M. Clefton___
                                                    By AARON M. CLEFTON, Esq.
22                                                  Attorneys for Plaintiff
                                                    SUE AUGUSTIN
23

24

25

26

27

28

19